was covered by the policy. The Appellate Division held that the damage was wholly caused by derangement or breakage of machinery, to wit, the derangement of the apparatus, machinery, facilities, etc., supplying the power machinery to raise and lower the dry dock; that such derangement or breakage of machinery was not caused by stress of weather, stranding, collision or burning, and that the damage was exclusively due to a cause expressly excepted from the policy by the terms thereof.

*Pierre M. Brown* for appellant.

*George V. A. McCloskey* and *William J. Martin* for respondent.

Judgment affirmed, with costs; no opinion.

Concur: HOGAN, CARDOZO, POUND, MCLAUGHLIN, CRANE and ANDREWS, JJ. Absent: HISCOCK, Ch. J.

----

EMERSON P. JENNINGS, Respondent, *v.* PRESIDENT AND DIRECTORS OF THE MANHATTAN COMPANY, Appellant.

*Bills, notes and checks — forgery — power of attorney — when power of attorney not broad enough to authorize indorsement of check.*

*Jennings* v. *President, etc., of Manhattan Co.,* 203 App. Div. 802, affirmed.

(Submitted April 27, 1923; decided May 11, 1923.)

APPEAL, by permission, from a judgment of the Appellate Division of the Supreme Court in the second judicial department, entered December 22, 1922, unanimously affirming a judgment in favor of plaintiff entered upon a decision of the court at a Trial Term without a jury. This action was brought to recover the sum of $5,000 on a check drawn by Brown Brothers & Co. on the National Bank of Commerce in New York in favor of the plaintiff, Emerson P. Jennings, the proceeds of which defendant collected and has failed and refused to pay to the plaintiff, the payee thereof. Plaintiff claimed that his indorsement on the check was forged prior to its being deposited with the defendant bank for collection. The main question was whether a power of attorney from the plaintiff Jennings to one Wright was sufficiently

broad to authorize Wright to indorse the check of Brown Brothers & Co. with Jennings' name, so that the indorsement of said check would operate in law upon its delivery as a transfer of plaintiff's title to the proceeds thereof to the holder, the defendant bank.

*Frederick C. Tanner* and *M. E. Kinnan* for appellant.
*George E. Polhemus* and *Charles Pope Caldwell* for respondent.

Judgment affirmed, with costs; no opinion.
Concur: HOGAN, CARDOZO, POUND, McLAUGHLIN, CRANE and ANDREWS, JJ. Absent: HISCOCK, Ch. J.

---

EDWARD J. MOBERG COMPANY, INC., Respondent, *v.* CHARLES MOHR, JR., Appellant.

RABLO CONSTRUCTION COMPANY, INC., Respondent, *v.* CHARLES MAREK et al., Appellants.

POTTER AVENUE REALTY CORPORATION, Respondent, *v.* BENJAMIN BURG, Appellant.

*Constitutional law — statutes exempting certain classes of buildings erected in the city of New York from taxation for a period of years valid.*

*Moberg Co.* v. *Mohr*, 204 App. Div. 710, affirmed.
*Rablo Construction Co.* v. *Marek*, 204 App. Div. 710, affirmed.
*Potter Ave. Realty Corp.* v. *Burg*, 204 App. Div. 710, affirmed.
(Argued April 30, 1923; decided May 11, 1923.)

APPEAL, in each of the above-entitled actions, from a judgment of the Appellate Division of the Supreme Court in the first judicial department, entered April 7, 1923, in favor of plaintiff upon the submission of a controversy under section 546 of the Civil Practice Act. The judgment in each case directed specific performance of a contract for the purchase of real property and adjudged that chapter 949 of the Laws of 1920 and chapter 444 of the Laws of 1921, exempting from taxation for ten years the buildings on said premises, were constitutional and valid.

*James F. Donnelly* and *John Kadel* for Charles Mohr, Jr., appellant.